The Honorable Jim Hudson Prosecuting Attorney Miller County Courthouse Texarkana, AR 75502
Dear Mr. Hudson:
This is in response to Deputy Prosecuting Attorney Brent Haltom's request for an opinion on the following questions with regard to the registered abstracter provisions of A.C.A. 17-11-101 et seq.:
 1. What must a person do to become a registered abstracter in the State of Arkansas? 2. Can a person be a registered abstracter without working for an abstract plant?
A "registered abstracter" is defined under A.C.A. 17-11-102(3) as "an individual, registered under this act and holding an operative certificate of registration to prepare abstracts of title to real property in any county in this state or any person licensed to practice law within the State of Arkansas." A certificate of registration must therefore be obtained before one can become a registered abstracter. See also A.C.A. 17-11-301. The certification process is addressed in A.C.A. 17-11-301 et seq. Section 17-11-302 states:
(a) Any person desiring to become a registered abstracter under this chapter shall make application to the board for registration.
(b) The application shall be in a form prepared by the board and shall contain such information as may be necessary to assist the board in registration and to determine if the applicant is of good moral character.
(c) Except as provided in subsection (e) of this section, each application shall be accompanied by an examination fee in the sum of twenty-five dollars ($25.00).
(d) Thereupon the board shall notify the applicant of the time and place of the next scheduled examination and notice of the examination shall be given to the applicant by mail.
(e) Any person authorized to practice law in the state shall be issued a certificate of registration upon application, without examination and payment of fee.
With regard, therefore, to persons authorized to practice law in Arkansas, a certificate of registration is issued upon application, without examination and payment of the fee. Others must comply with 17-11-302, which involves making application, paying an examination fee, and taking an examination. Please note that I have enclosed a copy of the application form currently in use by the Arkansas Abstracters' Board of Examiners ("Board"). (A review of this form indicates that a $15.00 individual license fee is also required. See A.C.A. 17-11-304(d).)
A review of information supplied by the Board also indicates that the Board has, through rule or regulation, imposed a one year abstracting experience requirement as a condition to obtaining an individual license (certificate of registration). The Board has the authority, under A.C.A. 17-11-203(b), to "adopt rules and regulations as it shall deem necessary for the proper administration of its powers and duties and the carrying out of the purposes of this chapter." It is significant to note in this regard that the board must be satisfied, in accordance with17-11-304(c), that the applicant "possesses the qualifications or proficiency to become a registered abstracter. . . ." The certificate issued by the Board "shall attest that such person possesses the knowledge, skill, ability, and understanding of abstracting. . . ." A.C.A. 17-11-304(b). The Board is authorized, moreover, to require such information (in the application) "as may be necessary to assist the board in registration. . . ." A.C.A.17-11-302(b).
The one year experience requirement has apparently been in place for some time. The Board's long-standing interpretation of these statutory provisions must be given consideration and will not be disregarded by a court unless clearly wrong. See, e.g., Morris v. Torch Club, 278 Ark. 285, 645 S.W.2d 938 (1983). It is also well established that while an administrative agency does not have the power to legislate, it may determine the particular facts and circumstances upon which the operation of a legislative enactment is conditioned. McArthur v. Smallwood, 225 Ark. 328, 281 S.W.2d 428
(1955).
We cannot conclude, following the above precepts, that the Board's action in this instance in imposing a one year experience requirement is "clearly wrong." This requirement is in place and forms a part of the current certificate of registration procedure.
The answer to your second question is, in my opinion, "no." Section 17-11-304, concerning issuance of the certificate of registration, states that the certificate "shall be prominently displayed in the abstract office wherein the person is employed." A.C.A. 17-11-304(b). This language offers evidence of legislative intent in favor of the registered abstracter's employment in an abstract office, that is, in the office of a person, firm, or corporation in possession of a certificate of authority. See A.C.A. 17-11-320 — 17-11-322.* ___________. * It should be noted that an "abstract plant" is the set of records reflecting the documents or information which impart constructive notice of matters affecting title to real property. A.C.A. 17-11-102(4). Thus, the registered abstracter more appropriately works for an abstract office, rather than an abstract plant. ___________.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
cc: Mr. Brent Haltom Deputy Prosecuting Attorney